UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHELE A. BUCKHANAN,<br><br>  Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>  Defendant. | No. CV-07-385-CI<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) |

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 17, 24.) Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney Thomas M. Elsberry represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment, **DENIES** Defendant's Motion for Summary Judgment, and remands the matter to the Commissioner for additional proceedings.

**JURISDICTION**

Plaintiff Michele A. Buckhanan (Plaintiff) protectively filed for Supplemental Security Income on September 20, 2004. (Tr. 87.) Plaintiff alleged an onset date of January 1, 2002. (Tr. 87.) Benefits were denied initially and on reconsideration. (Tr. 39, 35.)

1 Plaintiff requested a hearing before an administrative law judge
2 (ALJ), which was held before ALJ Paul Gaughen on March 22, 2007. (Tr.
3 321-57.)  Plaintiff was represented by counsel and testified at the
4 hearing. (Tr. 334-345.) Medical expert Ronald Klein, Ph.D., and
5 vocational expert Tom Moreland testified. (Tr. 324-34, 346-52.)
6 Plaintiff's roommate, Jeffrey P. Townsend, also testified. (Tr. 353-
7 56.) The ALJ denied benefits (Tr. 18-29) and the Appeals Council
8 denied review. (Tr. 5.) The instant matter is before this court
9 pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF FACTS**

The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and will therefore only be summarized here.

At the time of the hearing, Plaintiff was 37 years old. (Tr. 34.) Plaintiff completed the eighth grade and does not have a GED. (Tr. 335.) Plaintiff's past work experience includes work as a food server, food preparer, janitor and maid. (Tr. 337.) Plaintiff testified she suffers from shoulder pain from an old injury, back pain, pain in her right leg from an old injury, and knee pain. (Tr. 339.) Plaintiff testified that she is sad, depressed and has suicidal thoughts. (Tr. 343.) Plaintiff also stated that she suffers from severe migraines requiring her lay down until they pass. (Tr. 344-45.)

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A court must uphold the Commissioner's decision, made through an ALJ, when the determination

is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,* 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-3

weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL PROCESS**

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-4

404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482

U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since January 1, 2002, the alleged onset date. (Tr. 20.) At steps two and three, he found Plaintiff has the severe impairments of major depressive disorder, borderline personality disorder, obesity and chronic hypothyroidism, but the impairments do not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (Tr. 20, 23.)[1] The ALJ then

---

[1] Plaintiff also alleged physical limitations due to pain in her neck, back, shoulder, right leg and knees, as well as severe headaches. (Tr. 339, 344-45.) The ALJ found no objective medical evidence supporting Plaintiff's allegations of physical limitations other than those which would be indicated by her obesity. (Tr. 22.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g)-6

determined:

> [C]laimant has the residual functional capacity to perform work at the light to medium exertional level, relative to her obesity, consisting of the ability to: lift and/or carry and push and/or pull up to 15 to 20 pounds frequently and 30 to 40 pounds occasionally; sit up to 6 hours in an 8 hour work day with normal breaks; stand and/or walk at least 6 hours in an 8 hour day with normal breaks; and, occasionally stoop, bend and other postural adjustments. The claimant would have no manipulative limitations with her hands. The claimant would be required to wear corrective lenses. In addition, the claimant could attend to her personal care, is oriented in all spheres and can perform household chores although she should not work where children are left alone. The claimant would also have a moderate limitation in her ability to interact appropriately with the general public and making goals independently of others. All other effects on the claimant's mental functioning in a work setting would be slight to none and would have no affect on the claimant's ability to function well.

(Tr. 23.) At step four, the ALJ found Plaintiff is unable to perform any past relevant work. (Tr. 28.) Based on vocational expert testimony and the Plaintiff's age, education, work experience and residual functional capacity, the ALJ concluded there are jobs that exist in significant numbers in the national economy that the claimant can perform. (Tr. 28.) As such, the ALJ found Plaintiff was not under a disability as defined in the Social Security Act at any time through the date of the decision. (Tr. 29.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, Plaintiff argues the ALJ erroneously relied on the opinion of the medical expert and failed to properly reject the opinions of examining psychologists. (Ct. Rec. 18 at 12.) Defendant argues the ALJ properly considered

---

Plaintiff does not challenge this finding and the court concludes it is supportive by substantial evidence.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-7

1  the medical opinions.  (Ct. Rec. 25 at 6.)

2                              **DISCUSSION**

3      Plaintiff argues the ALJ inappropriately adopted the testimony of
4  the consulting medical expert, Dr. Klein, and improperly used his
5  testimony as the basis to reject the opinions of Dr. Wert and Dr.
6  Rosekrans, examining psychologists.  (Ct. Rec. 18 at 15.)  Defendant
7  argues the ALJ did not reject the opinions of Dr. Rosekrans or Dr.
8  Wert, but did not give them controlling weight.  (Ct. Rec. 25 at 6.)
9  Defendant further argues the ALJ provided valid reasons for the weight
10 given to the opinions of the examining psychologists.  (Ct. Rec. 25 at
11 6.)

12     Dr. Rosekrans examined Plaintiff on October 21, 2004, and
13 prepared a psychological assessment.  (Tr. 155-62.)  He diagnosed
14 adjustment disorder with mixed anxiety and depressed mood and sexual
15 disorder not otherwise specified (NOS) and assessed a GAF score of 50.[2]
16 (Tr. 159.)  He noted that Plaintiff reported dyslexia, but tests
17 reflected she is in the low normal range of intelligence and had
18 worked successfully in the past.  (Tr. 159.)  Dr. Rosekrans noted
19 Plaintiff's alleged dyslexia "would be of concern in certain
20 occupations or school situations and should be investigated if she has
21 vocational training."  (Tr. 159.)

22     Dr. Wert conducted a psychological/psychosexual assessment on
23 March 2, 2005.  (Tr. 181-92.)  Plaintiff was referred to Dr. Wert by

---

[2] A GAF score of 41-50 indicates serious symptoms or any serious impairment in social, occupation, or school functioning. DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, 4TH Ed. at 32.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-8

the Division of Children and Family Services. (Tr. 181.) He diagnosed major depression, recurrent, severe, without psychotic features; generalized anxiety disorder; posttraumatic stress disorder; somatization disorder; personality disorder NOS, severe, with schizoid, avoidant, depressive, dependent, antisocial and self-defeating traits. (Tr. 191-92.) Dr. Wert assessed a GAF score of 40-50.

On a DSHS psychological/psychiatric evaluation form dated March 7, 2005, Dr. Wert assessed marked functional mental disorders of depressed mood, social withdrawal, paranoid behavior, physical complaints and global illness, as well as a moderate functional mental disorder in verbal expression of anxiety or fear. (Tr. 198.) He assessed marked limitations in three areas: the ability to exercise judgment and make decisions; the ability to interact appropriately in public contacts; and the ability to respond appropriately to and tolerate the pressure and expectations of a normal work setting. (Tr. 199.) Dr. Wert also assessed moderate limitations in four areas: the ability to understand, remember and follow complex instructions; the ability to learn new tasks; the ability to relate appropriately to co-workers and supervisors; and in the ability to care for self, including personal hygiene and appearance. (Tr. 199.)

Dr. Rosekrans assessed Plaintiff a second time on February 6, 2006, and completed a DSHS psychological/psychiatric evaluation form. (Tr. 244-51.) Dr. Rosekrans diagnosed major depressive disorder, recurrent, moderate; posttraumatic stress disorder; personality disorder NOS, dependent, avoidant, antisocial features; and assessed a GAF score of 50. (Tr. 246.) Dr. Rosekrans noted Plaintiff is quite

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-9

dependent and needs counseling. (Tr. 247.) He stated Plaintiff "[m]ay be using her physical problems as a way to avoid becoming more independent and looking for a job," and opined she "will eventually be able to hold a job, but should first be in counseling, and may also need some training in a job she can physically handle." (Tr. 247.)

Dr. Rosekrans assessed moderate functional mental disorders in depressed mood, social withdrawal, physical complaints and global illness. Moderate functional limitations were assessed in the ability to understand, remember and follow complex instructions, the ability to learn new skills, and the ability to exercise judgment and make decisions. (Tr. 250.) Dr. Rosekrans assessed marked functional limitations in the ability to relate appropriately to co-workers and supervisors and in the ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting. (Tr. 250.)

Dr. Klein testified as the non-examining medical expert at the hearing on March 22, 2007. (Tr. 324-34.) Dr. Klein diagnosed major depressive disorder, posttraumatic stress disorder, and borderline personality disorder. (Tr. 325.) He opined that Plaintiff has moderate limitations in only two areas: interacting appropriately with the public and setting realistic goals or making plans independently of others. (Tr. 325.) In all other areas, Dr. Klein assessed slight to no impairment. (Tr. 325.) He explained Plaintiff's emotional problems were in place when she worked in the past and were not the reasons for discontinuing work. (Tr. 325.) He noted that while her eighth grade education is problematic, her IQ indicates the ability to learn is intact. (Tr. 325-36.) He opined that Plaintiff can perform

simple unskilled labor. (Tr. 326.)

Other treatment records include notes from the Community Health Association of Spokane (CHAS) dated February 2003 to October 2006. (Tr. 210-228, 260-312). Plaintiff received physical and mental health treatment from CHAS providers, but no counseling. Also included in the medical record are emergency room notes from Sacred Heart Medical Center and Deaconess Medical Center. (Tr. 201-09, 252-53, 254-59.)

In making a residual functional capacity determination, the ALJ must consider the opinions of acceptable medical sources about the nature and severity of the Plaintiff's impairments and limitations. 20 C.F.R. §§ 404.1527, 416.927; S.S.R. 96-2p; S.S.R. 96-6p. Acceptable medical sources include, among others, licensed physicians and psychologists.[3] 20 C.F.R. §§ 404.1513(a), 416.913(a). A treating or examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989).

---

[3]Other acceptable medical sources are licensed podiatrists and optometrists and qualified speech-language pathologists, in their respective areas of specialty only. 20 C.F.R. §§ 404.1513(a), 416.913.(a).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-11

Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding the treating physician's opinion. *See Flaten*, 44 F.3d at 1463-64; *Fair*, 885 F.2d at 604.

The opinions of Dr. Wert and Dr. Rosekrans, examining psychologists, are contradicted by the opinion of Dr. Klein, at least as to the existence and severity of Plaintiff's limitations.[4] Dr. Wert and Dr. Rosekrans both assessed two marked limitations for at least two functional categories and moderate limitations for a number of functional abilities; Dr. Klein assessed only two moderate limitations and no marked limitations. The ALJ explicitly adopted the opinion of Dr. Klein and assigned "lesser weight" to the opinions of Dr. Wert, Dr. Rosekrans, and Plaintiff's treating health care providers. (Tr. 27.) As such, the ALJ was required to set forth specific, legitimate reasons supported by substantial evidence for rejecting the opinions of Dr. Wert and Dr. Rosekrans.

The ALJ listed several reasons for adopting Dr. Klein's opinion regarding Plaintiff's limitations. First, the ALJ asserted Dr. Klein's testimony is "supported by the bulk of the evidence in the record." (Tr. 27.) However, the ALJ did not cite any particular evidence in the record consistent with Dr. Klein's opinion. The medical record primarily consists of the opinions of Drs. Wert and Rosekrans, CHAS records, and emergency room records. The ALJ did not

---

[4] Dr. Klein testified he was "essentially in agreement" with the diagnoses of Dr. Wert and Dr. Rosekrans. (Tr. 327.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g)-12

explain how these records are more consistent with Dr. Klein's opinion that the opinions of Dr. Wert and Dr. Rosekrans which assessed greater limitations. This is not a sufficiently specific reason for adopting the opinion of the non-examining psychologist.

The second reason given by the ALJ for adopting Dr. Klein's opinion is his testimony is "persuasive and reasonable based on the nature of claimant's mental impairments." (Tr. 27.) The meaning of this statement is not clear and the ALJ did not explain it or support it with citations to the record. Although the ALJ found Dr. Klein's testimony persuasive, that fact alone is not a specific, legitimate reason for adopting his opinion.

The ALJ also mentioned that he adopted Dr. Klein's testimony because it is "more consistent with the claimant's subjective complaints at the time of her initial application for benefits." (Tr. 26.) Again, the ALJ's statement is not entirely clear. The ALJ made a properly supported negative credibility finding[5] (Tr. 25, 27) and seems to suggest Plaintiff's alleged symptoms increased over the course of the disability process. However, he also acknowledged Plaintiff alleged depression and difficulty learning new tasks in her application for benefits. (Tr. 25, 113.) The ALJ noted Plaintiff stated her depression makes her not want to be around others (Tr. 25, 110), and she indicated difficulties with understanding, following instructions, memory, completing tasks, getting along with others and concentration. (Tr. 25, 113.) Plaintiff also stated she feared large

---

[5]Plaintiff does not challenge the ALJ's negative credibility finding. The court concludes it is properly supported by substantial evidence.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-13

groups and strangers (Tr. 25, 114) and had increased depression. (Tr. 25, 116, 123.) These allegations could be consistent with a range of limitations, including those identified by Drs. Wert, Rosekrans and Klein, and it is not immediately clear how these alleged symptoms are more in keeping with Dr. Klein's opinion than the opinions of Dr. Wert and Dr. Rosekrans. This reason is therefore not a specific, legitimate reason supported by substantial evidence for rejecting the reports of the examining psychologists.

With respect to Dr. Wert's opinion, the ALJ asserted, "Dr. Klein indicated that he believed Dr. Wert's response to the State request for information was completed in an exaggerate [sic] way especially if based on the claimant's exaggerated personality testing scales." (Tr. 25-26.) The ALJ also noted that Dr. Wert's opinion was "likely exaggerated" because of the child protection issues at stake and the test results in support of Dr. Wert's opinion "were not entirely valid." (Tr. 27.) These comments overstate Dr. Klein's testimony regarding Dr. Wert's opinion. Dr. Klein first testified that he essentially agreed with Dr. Wert regarding Plaintiff's diagnosis. (Tr. 327.) Then Dr. Klein said,

> Dr. Wirt [sic] added to our list of testing here an MMPI and a Milan [sic] Clinical Multiaxial Inventory, Third Edition. The Milan [sic] *appeared to be filled out in an exaggerated way, not totally valid,* someone who is, has sort of an odd type of, of response for someone who's attempting to regain custody and you would think that, that person, if they were going to fill out, get tested in, in an invalid way would minimize to an unrealistic degree, the amount of symptom complaints. And that would be sort of a natural tendency. But here we have the opposite.

(Tr. 327, emphasis added.) Dr. Klein's comment about the Millon results reflects on Plaintiff's odd responses, not on the validity of

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-14

Dr. Wert's testing or an exaggerated analysis. It is not a reasonable inference from Dr. Klein's comment noting possible exaggerated test responses that Dr. Wert's opinion was exaggerated or that the overall test results were not valid. Dr. Wert also acknowledged the possible exaggeration and presumably took it into account in his opinion. (Tr. 188.) The suggestion that Dr. Wert was motivated to exaggerate his opinion to the point of invalidity is without basis in the record.

Furthermore, the DSHS psychological/psychiatric assessment form completed by Dr. Wert a few days after his written opinion appears to have been overlooked. On cross-examination, Dr. Klein was asked about Dr. Wert's opinion that Plaintiff's psychological impairment was severe. (Tr. 332.) Dr. Klein responded:

> Well, he, he was answering the question, was she capable of having her child returned to her custody. He did not speak to the issue with her for ability or adaptation to the work place and you, know, I think we have to understand the context of Dr. Wirt's [sic] report, what it was he was asked to assess.

(Tr. 332.) However, Dr. Wert did provide his opinion with regard to Plaintiff's limitations in the workplace. (Tr. 197-200.) Dr. Wert was asked to rate Plaintiff's cognitive and social limitations regarding Plaintiff's ability to perform on a normal day-to-day work basis. (Tr. 199.) He responded by assessing three marked limitations and four moderate limitations. (Tr. 199.) The ALJ did not mention Dr. Wert's work-related assessment in his summary of Dr. Wert's records (Tr. 21) or in rejecting Dr. Wert's opinion (Tr. 25); in fact, the DSHS form completed by Dr. Wert is not mentioned in the ALJ's decision. While the ALJ is not required to discuss every piece of evidence in the record, he is required to discuss reasons for

rejecting significant probative evidence. *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). In this case, the ALJ erred by failing to discuss Dr. Wert's opinion about Plaintiff's work-related limitations.

The ALJ also agreed with Dr. Klein's assessment that Plaintiff was capable of working in the past with her mental condition and there is no evidence she could not continue to do so. (Tr. 27.) However, there is little evidence in the record to support this assumption. Plaintiff's last reported work efforts were in 1988 or 1989, at least three years before her application for benefits. (Tr. 338.) There is no evidence in the record about Plaintiff's performance in previous jobs. Furthermore, there is no evidence about Plaintiff's mental or physical status during the periods she was employed. The assumptions that Plaintiff functioned adequately at work and under the same level of impairment several years before the record begins is not supported by substantial evidence in the record.

The ALJ relied almost exclusively on Dr. Klein's opinion to justify giving "lesser weight" to the opinions of Drs. Wert and Rosekrans. However, the opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician. *Lester*, 81 F.3d at 831, citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990). The opinion of a non-examining physician may be accepted as substantial evidence if it is supported by other evidence in the record and is consistent with it. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). Cases have upheld the rejection of an

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-16

examining or treating physician based on part on the testimony of a non-examining medical advisor; but those opinions have also included reasons to reject the opinions of examining and treating physicians that were independent of the non-examining doctor's opinion. *Lester*, 81 F.3d at 831, citing *Magallanes v. Bowen*, 881 F.2d 747, 751-55 (9th Cir. 1989) (reliance on laboratory test results, contrary reports from examining physicians and testimony from claimant that conflicted with treating physician's opinion); *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995) (rejection of examining psychologist's functional assessment which conflicted with his own written report and test results). Thus, case law requires not only an opinion from the consulting physician but also substantial evidence (more than a mere scintilla but less than a preponderance), independent of that opinion which supports the rejection of contrary conclusions by examining or treating physicians. *Andrews*, 53 F.3d at 1039.

Here, the ALJ failed to identify any evidence apart from Dr. Klein's opinion which justifies rejecting the opinions of two examining physicians. The reasons provided by the ALJ for adopting Dr. Klein's opinion are not specific, legitimate reasons supported by the record. The ALJ gave an inadequately supported reason for giving little weight to Dr. Wert's opinion, did not discuss Dr. Wert's DSHS report containing significant probative evidence, and gave no specific reasons for rejecting Dr. Rosekrans' opinions. Therefore, the ALJ did not properly justify adopting the opinion of a non-examining psychologist over the opinions of two examining psychologists. Thus, the ALJ erred.

There are two remedies where the ALJ fails to provide adequate

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-17

reasons for rejecting the opinions of a treating or examining physician. The general rule, found in the *Lester* line of cases, is that "we credit that opinion as a matter of law." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989). Another approach is found in *McAllister v. Sullivan*, 888 F.2d 599 (9th Cir. 1989), which holds a court may remand to allow the ALJ to provide the requisite specific and legitimate reasons for disregarding the opinion. *See also Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (court has flexibility in crediting testimony if substantial questions remain as to claimant's credibility and other issues). Where evidence has been identified that may be a basis for a finding, but the findings are not articulated, remand is the proper disposition. *Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990) (citing *McAllister*); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1202 (9th Cir. 1990). In this case, there may be specific, legitimate reasons for disregarding the opinions of the examining physicians which have not been properly articulated. Thus, remand is the proper remedy.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the court concludes the ALJ's decision is not supported by substantial evidence and is based on legal error. On remand, the ALJ shall properly consider the medical opinion evidence and make a new RFC determination based on articulated and properly justified reasoning. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 17)** is **GRANTED**. The matter is remanded to the Commissioner for additional

1  proceedings pursuant to sentence four 42 U.S.C. 405(g).

2      2.   Defendant's Motion for Summary Judgment **(Ct. Rec. 24)** is **DENIED.**

4      3.   An application for attorney fees may be filed by separate motion.

6      The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

9      DATED March 2, 2009.

11                          S/ CYNTHIA IMBROGNO
                UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-19